## McDONALD *v.* CARLIN ET AL.

[No. 20,358.    Filed October 11, 1904.]

CONTRACTS.—*Liability for Failure to Plug Gas and Oil Well.—Contracting to Do What Law Requires Contractor to Do. — Consideration.* — Where the special findings show that plaintiffs contracted with defendant to do certain drilling for gas and oil; that previously thereto the plaintiffs had abandoned a well, leaving it unplugged, on certain land; that defendant thereafter obtained a lease for the right to explore on such land for gas and oil; that he proceeded to drill within seventy-five feet of the well drilled by plaintiffs; that when he reached a certain depth his well was flooded by water from the abandoned well; that he began plugging such abandoned well; while proceeding with such work, plaintiffs proposed that if defendant would contract with them for certain work, he might deduct from the amount to be due to them the cost of plugging such abandoned well, to which he agreed, the defendant had the right to deduct such sum from the price due plaintiffs, whether defendant plugged such abandoned well as provided by statute or not, since it does not appear that he agreed to plug it in the manner required by law, and since he was not required to plug it by the law, not being the "owner" of the land within the meaning of the statute (§7511 Burns 1901).  *p. 343, 344.*

LANDLORD AND TENANT.—*Gas and Oil Lease.—Duty of Owner to Plug Well. —Who is "Owner."*—Where a person procures a lease upon land for the mere purpose of exploring and operating for oil and gas, he is not an "owner" within the meaning of Acts 1893, p. 300, §7511 Burns 1901, requiring the "owner" of such lands to plug all abandoned wells thereon, and providing a fine and penalty in case of failure. *p. 344.*

From Wells Circuit Court; *E. C. Vaughn,* Judge.

Action by Thomas Carlin, Robert L. Carlin and Patrick J. Considine against Thomas McDonald. From a judgment for plaintiffs on their complaint and against defendant on his cross-complaint, defendant appeals. Transferred from the Appellate Court under §1337u Burns 1901. *Reversed.*

*J. S. Dailey, Abram Simmons* and *F. C. Dailey,* for appellant.

*W. H. Eichhorn,* for appellees.

Gillett, J.—The question in this case is presented by special findings of fact. Appellees, who were partners, sued appellant for work and labor performed and material furnished in and about the sinking of certain oil-wells. Among other paragraphs of answer appellant filed one by way of counterclaim. His assignment of error draws in question the validity of the lower court's conclusion of law that appellees were entitled to recover from him the sum of $463.42.

The following is an abstract of the special findings: Appellees, other than Considine, had drilled a well on a certain tract of land during the month of January, 1899, for the purpose of obtaining natural gas or oil. The well was drilled into the Trenton rock, and was "shot" with nitroglycerine, but neither gas nor oil was found, and the well was abandoned by the persons who drilled the same without in any way plugging it. Afterwards, and during the same month, appellant became the holder of what is termed a gas and oil lease, covering said premises, and at some time after obtaining said lease he drilled a well thereon, for the purpose of obtaining oil or gas, within seventy-five feet of said abandoned well. The work was interfered with by fresh water rushing from the latter well into the one he was drilling, and he thereupon commenced the work of plugging the well which had first been drilled. The findings show that he did not plug said well in the manner required by §7511 Burns 1901, Acts 1893, p. 300, but it was plugged by him at a cost of $544.79. While he was prosecuting the work last mentioned, appellees entered into what the findings term "an agreement" with him that, if he would furnish them work and labor at drilling and cleaning out oil-wells, he should have the privilege of taking from the moneys which should be due them for such work and labor the amount of the cost and expense of plugging said abandoned well. They did not at that time know that the work which had theretofore been done by appellant on said well

had not been done in the manner provided by statute. It is further found that in pursuance of said agreement appellant furnished appellees the work and labor sued for by them, and that an amount had been paid them by him on such account sufficient to extinguish their obligation, provided that the amount expended by appellant in plugging said abandoned well were allowed him.

It is contended by appellees' counsel that their agreement was made in contemplation of relieving the members of their firm who abandoned said well from the penalties and civil liabilities provided for by the act referred to; that, as said well was not plugged according to law, the consideration for their agreement entirely failed, and that, therefore, they were not liable for the expense incurred by appellant. Sections two and three of said act provide for a criminal liability, and are therefore to be strictly construed. As appellant had a mere right to explore and operate on said land for oil and gas, he was not an owner of the land within the meaning of said sections. It is apparent upon a reading of sections four and five of said act that no civil liability existed against appellant under said sections.

Appellees were bound to take notice when they contracted with appellant that he was not under any obligation to plug the well. Indeed, we should not be prepared to say that he was not strictly within his legal rights, as against those who abandoned the well, in plugging it in a manner to protect his own property, even if he did not do it as it was appellees' duty to do. Upon this view appellees had no right to assume, at the time they entered into the agreement with him, that he was doing the work in such a manner as to relieve those of appellees who had drilled said well of liability under the statute. We are not, therefore, impressed with the view that the law referred to should be treated as a factor in the agreement of the parties. But, if this were so, the court found what the agreement was in fact, and there is nothing in the findings to lead to the conclusion

that the minds of the parties met upon an agreement that the well should be plugged as provided by statute; or even that that was the understanding upon the part of appellant. The findings show that he furnished appellees with work and labor in accordance with his agreement, and this, so far as the findings disclose, was all that he was bound to do under his contract to entitle him to deduct the cost of plugging the well from the amount that he became liable for on account of the work and labor for which he was sued.   The furnishing of said work and labor constituted a sufficient consideration for an undertaking on the part of appellees to pay for the item of expense which appellant pleaded in reduction of their demand, and, so far as appears, they received as ample a consideration as they bargained for.   In view of the issues, as well as of the findings of fact, we are of opinion that the conclusion of law should have been that the plaintiffs take nothing.

Judgment reversed, with an instruction to the trial court to restate its conclusion of law in accordance with this opinion, and to enter judgment thereon.